# EXHIBIT A

DATE/TIME _____

INTIALS _____

ID# _____

**Commonwealth of Massachusetts**

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884 CV03190

Robert Nightingale , PLAINTIFF(S),

National Grid USA Service Company, Inc.,
First Contact LLC, and i Gar Us Inc. DEFENDANT(S)

10/15/19    12:50 pm
HAPSS9242

**SUMMONS**

THIS SUMMONS IS DIRECTED TO First Contact LLc (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court, 3 Pemberton Sq, Boston, MA 02108 (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Sergei Lemberg, Lemberg Law LLC, 43 Danbury Rd Wilton CT 06897

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____      Signature: _____

N.B.   **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.



COMMONWEALTH OF MASSACHUSETTS
County of Suffolk
The Superior Court

Robert Nightingale, *on behalf of himself and all*
*others similarly situated,*

Plaintiff,

v.

Civil Docket #:1884CV03190

National Grid USA Service Company, Inc.;
First Contact LLC; and iQor US Inc.,

Defendants.

**RECEIVED**

SEP 1 9 2019

SUPERIOR COURT CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Second Class Action Complaint, Plaintiff Robert Nightingale, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      This action arises out of Defendants' repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in their illegal efforts to collect consumer debts.

2.      In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Oct. 8, 2018).

3. As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4. The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5. It is Defendants' practice to call Massachusetts consumers more than twice a week to attempt to collect National Grid debts. Defendants placed more than two collection calls to Plaintiff Robert Nightingale ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated. Plaintiff

2

seeks injunctive relief to end Defendants' illegal practice, declaratory relief to make Defendants' violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

6.      Plaintiff, Robert Nightingale, is an adult individual residing in Allston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.      Defendant National Grid USA Service Company, Inc. ("National Grid"), is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451, and is a "creditor" as defined by 940 CMR § 7.03.

8.      Defendant iQor US Inc. ("iQor") is a Delaware corporation with an address of 200 Central Ave, 7th Floor, St. Petersburg, Florida 33701, and is a "creditor" as defined by 940 CMR § 7.03.

9.      Defendant First Contact LLC ("First Contact," and collectively together with National Grid and iQor, "Defendants"), is a wholly owned subsidiary of iQor with an address of 200 Central Ave, 7th Floor, St. Petersburg, Florida 33701. It is a "creditor" as defined by 940 CMR § 7.03.

10.     Upon information and belief, neither iQor nor First Contact maintain places of business within the Commonwealth of Massachusetts, nor does they keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

11.     Plaintiff allegedly incurred a financial obligation to National Grid (the "Debt").

12.     The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

3

13.     Defendants each attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

## B.  Defendants Engage in Unfair Business Practices

14.     National Grid contracted with First Contact LLC and iQor to place debt collection calls to Plaintiff on its behalf in order to collect the Debt.

15.     In or around June 2018, Defendants began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

16.     Defendants called Plaintiff's cell phone at number 857-XXX-7603.

17.     Defendants called Plaintiff from, *inter alia*, telephone number 866-910-7925.

18.     Defendants called Plaintiff at an excessive and harassing rate, placing more than two calls within a seven-day period.  For example, Defendants called Plaintiff's cellular telephone on June 20, 2018 at 10:43 a.m., June 21, 2018 at 9:51 a.m., June 22, 2018 at 9:44 a.m. and 1:22 p.m., and on June 23, 2018 at 1:22 p.m.

## C.  Plaintiff Suffered Actual Damages and Injury

19.     Plaintiff suffered actual damages as a result of Defendants' unlawful conduct.

20.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     Defendants' repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of his personal privacy.

22.     Defendants' repeated calls wasted Plaintiff's time and energy spent tending to National Grid's calls.

4

### D. Plaintiff's 93A Demand Letter to National Grid

23.     On July 3, 2018, Plaintiff mailed a demand letter to National Grid via certified mail, pursuant to M.G.L. c. 93A, § 9(3). Plaintiff's demand letter complained that National Grid violated M.G.L. c. 93A, § 2 and 940 CMR § 7.04(1)(f) by placing more than two calls in a seven-day period to Plaintiff's cellular telephone. The letter sought, *inter alia*, statutory and actual damages, double or treble damages, and for National Grid to cease the illegal calls.

24.     The demand letter was delivered to National Grid on July 9, 2018.

25.     To date, National Grid has not responded to Plaintiff's demand letter.

## CLASS ACTION ALLEGATIONS

### A. The Class

26.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

27.     Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a National Grid debt from National Grid, First Contact and/or iQor within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

### B. Numerosity

28.     As its regular business practice, Defendants hound Massachusetts consumers with numerous debt collection calls per week. Class members are believed to be so numerous that joinder of all members is impractical.

29.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendants' records.

5

30.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

## C. Common Questions of Law and Fact

31.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

32.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

a.  Whether Defendants violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

b.  Whether Defendants willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D. Typicality

33.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

## E. Protecting the Interests of Class Members

34.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendants' unlawful conduct.

35.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

36.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F. Proceeding Via Class Action is Superior and Advisable**

37.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

39.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

40.    Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

41.    The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

**COUNT I**
**VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,**
**AND MDCR, 940 CMR § 7.04(1)(f)**

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    Defendants initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

7

44.     Defendants' failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

45.     Defendants willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

46.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendants from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

47.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendants knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendants' practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendants, as follows:

A)     An injunction preventing Defendants from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone;

B)     Declaratory relief as prayed herein;

C)     Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendants' willful conduct;

D)     Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendants' willful conduct;

8

E)    Awarding reasonable attorney fees, litigation expenses and costs incurred

pursuant to M.G.L. c. 93A § 9;

F)    Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 13, 2019                    PLAINTIFF,
                                             ROBERT NIGHTINGALE

                                             By Plaintiff's attorneys,

                                             LEMBERG LAW, LLC


                                             Sergei Lemberg (BBO# 650671)
                                             slemberg@lemberglaw.com
                                             LEMBERG LAW, LLC
                                             43 Danbury Road
                                             Wilton, CT 06897
                                             T: (203) 653-2250
                                             F: (203) 653-3424

COMMONWEALTH OF MASSACHUSETTS
County of Suffolk
The Superior Court

```
_____
                                :
Robert Nightingale, on behalf of himself and all :
others similarly situated,      :
                                :
                    Plaintiff,  :
                                :  Civil Docket #:1884CV03190
        v.                      :
                                :
National Grid USA Service Company, Inc.; :
First Contact LLC; and iQor US Inc., :
                                :
                    Defendants. :
                                :
_____:
```

## PLAINTIFF'S NOTICE OF FILING OF SECOND AMENDED COMPLAINT

Please take notice that on September 13, 2019, Plaintiff, Robert Nightingale, through

undersigned counsel, pursuant to Mass R. Civ. P. 15(a) with the written consent of Defendant

National Grid USA Service Company, Inc., hereby files his Second Amended Complaint.  The

Second Amended Complaint adds Defendants First Contact LLC and iQor US Inc.; Plaintiff will

separately request that Summons be issued as to First Contact LLC and iQor US Inc.

Dated:    September 13, 2019

Sergei Lemberg (BBO# 650671)
Lemberg Law, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on September 13, 2019, I served a true and accurate copy of the foregoing document on counsel of record by First Class mail and email as follows:

Louis M. Ciavarra
Jared A. Fiore
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Email: lciavarra@bowditch.com
Email: jfiore@bowditch.com
*Attorneys for Defendant*

Sergei Lemberg

COMMONWEALTH OF MASSACHUSETTS
County of Suffolk
The Superior Court

Robert Nightingale, *on behalf of himself and all*
*others similarly situated,*

                              Plaintiff,

          v.                                   : Civil Docket #: 18-3190H

National Grid USA Service Company, Inc.,

                              Defendant.

## FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this First Amended Class Action Complaint, Plaintiff Robert Nightingale, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.      This action arises out of Defendant National Grid USA Service Company, Inc.'s ("National Grid" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.      In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Oct. 8, 2018).

3.      As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.      The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.      It is National Grid's practice to call Massachusetts consumers more than twice a week to attempt to collect debts. National Grid placed more than two collection calls to Plaintiff Robert Nightingale ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated. Plaintiff seeks injunctive

relief to end National Grid's illegal practice, declaratory relief to make National Grid's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

6.      Plaintiff, Robert Nightingale, is an adult individual residing in Allston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.      Defendant, National Grid USA Service Company, Inc., is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt").

9.      The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.      National Grid attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B. National Grid Engages in Unfair Business Practices

11.      In or around June 2018, National Grid began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

12.      National Grid called Plaintiff's cell phone at number 857-XXX-7603.

13.      National Grid called Plaintiff from, *inter alia*, telephone number 866-910-7925.

14.      National Grid called Plaintiff at an excessive and harassing rate, placing more than two calls within a seven-day period. For example, National Grid called Plaintiff's cellular

3

telephone on June 20, 2018 at 10:43 a.m., June 21, 2018 at 9:51 a.m., June 22, 2018 at 9:44 a.m. and 1:22 p.m., and on June 23, 2018 at 1:22 p.m.

## C. Plaintiff Suffered Actual Damages and Injury

15.     Plaintiff suffered actual damages as a result of National Grid's unlawful conduct.

16.     As a direct consequence of National Grid's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     National Grid's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of his personal privacy.

18.     National Grid's repeated calls wasted Plaintiff's time and energy spent tending to National Grid's calls.

## D. Plaintiff's 93A Demand Letter

19.     On July 3, 2018, Plaintiff mailed a demand letter to National Grid via certified mail, pursuant to M.G.L. c. 93A, § 9(3). Plaintiff's demand letter complained that National Grid violated M.G.L. c. 93A, § 2 and 940 CMR § 7.04(1)(f) by placing more than two calls in a seven-day period to Plaintiff's cellular telephone. The letter sought, *inter alia,* statutory and actual damages, double or treble damages, and for National Grid to cease the illegal calls.

20.     The demand letter was delivered to National Grid on July 9, 2018.

21.     To date, National Grid has not responded to Plaintiff's demand letter.

## CLASS ACTION ALLEGATIONS

## A. The Class

22.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

23.     Plaintiff seeks to represent the following class (the "Class"):

4

> All consumers residing in the Commonwealth of Massachusetts who, within
> four years prior to the filing of this action, received in excess of two telephone
> calls regarding a debt from National Grid within a seven-day period to their
> residence, cellular telephone, or other provided telephone number.

**B.  Numerosity**

24.     As its regular business practice, National Grid hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

25.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

26.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

**C.  Common Questions of Law and Fact**

27.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

28.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.  Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by
       placing in excess of two debt collection calls per debt per seven-day period; and

   b.  Whether Defendant willfully and knowingly placed in excess of two debt
       collection calls per debt per seven-day period.

**D.  Typicality**

29.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

## E. Protecting the Interests of Class Members

30.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

31.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

32.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

## F. Proceeding Via Class Action is Superior and Advisable

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

35.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

40.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

41.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

42.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

43.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A)   An injunction preventing Defendant from placing in excess of two collection
     calls within any seven days to any Massachusetts consumers' telephone;

B)   Declaratory relief as prayed herein;

C)   Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c.
     93A § 9, including treble damages for Defendant's willful conduct;

D)   Awarding statutory damages as provided under the MCPA, pursuant to M.G.L.
     c. 93A § 9, including treble damages for Defendant's willful conduct;

E)   Awarding reasonable attorney fees, litigation expenses and costs incurred
     pursuant to M.G.L. c. 93A § 9;

F)   Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 28, 2018

PLAINTIFF,
ROBERT NIGHTINGALE

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424



COPY

COMMONWEALTH OF MASSACHUSETTS
County of Suffolk
The Superior Court

Robert Nightingale, *on behalf of himself and all*
*others similarly situated,*

Plaintiff,

v.

National Grid USA Company, Inc.,

Defendant.

Civil Docket #: _____

RECEIVED
OCT 12 2018

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Robert Nightingale, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      This action arises out of Defendant National Grid USA Company, Inc.'s ("National Grid" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.      In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Oct. 8, 2018).

3.      As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.      The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.      It is National Grid's practice to call Massachusetts consumers more than twice a week to attempt to collect debts. National Grid placed more than two collection calls to Plaintiff Robert Nightingale ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated. Plaintiff seeks injunctive

2

relief to end National Grid's illegal practice, declaratory relief to make National Grid's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

6.      Plaintiff, Robert Nightingale, is an adult individual residing in Allston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.      Defendant, National Grid USA Company, Inc., is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt").

9.      The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.      National Grid attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B. National Grid Engages in Unfair Business Practices

11.      In or around June 2018, National Grid began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

12.      National Grid called Plaintiff's cell phone at number 857-XXX-7603.

13.      National Grid called Plaintiff from, *inter alia*, telephone number 866-910-7925.

14.      National Grid called Plaintiff at an excessive and harassing rate, placing more than two calls within a seven-day period. For example, National Grid called Plaintiff's cellular

3

telephone on June 20, 2018 at 10:43 a.m., June 21, 2018 at 9:51 a.m., June 22, 2018 at 9:44 a.m. and 1:22 p.m.; and on June 23, 2018 at 1:22 p.m.

## C. Plaintiff Suffered Actual Damages and Injury

15.     Plaintiff suffered actual damages as a result of National Grid's unlawful conduct.

16.     As a direct consequence of National Grid's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     National Grid's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of his personal privacy.

18.     National Grid's repeated calls wasted Plaintiff's time and energy spent tending to National Grid's calls.

## D. Plaintiff's 93A Demand Letter

19.     On July 3, 2018, Plaintiff mailed a demand letter to National Grid via certified mail, pursuant to M.G.L. c. 93A, § 9(3). Plaintiff's demand letter complained that National Grid violated M.G.L. c. 93A, § 2 and 940 CMR § 7.04(1)(f) by placing more than two calls in a seven-day period to Plaintiff's cellular telephone. The letter sought, *inter alia,* statutory and actual damages, double or treble damages, and for National Grid to cease the illegal calls.

20.     The demand letter was delivered to National Grid on July 9, 2018.

21.     To date, National Grid has not responded to Plaintiff's demand letter.

## CLASS ACTION ALLEGATIONS

## A. The Class

22.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

23.     Plaintiff seeks to represent the following class (the "Class"):

4

> All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from National Grid within a seven-day period to their residence, cellular telephone, or other provided telephone number.

## B. Numerosity

24.     As its regular business practice, National Grid hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

25.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

26.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

## C. Common Questions of Law and Fact

27.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

28.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.  Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   b.  Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D. Typicality

29.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

5

### E. Protecting the Interests of Class Members

30.  Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

31.  All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

32.  Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

### F. Proceeding Via Class Action is Superior and Advisable

33.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34.  Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

35.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36.  Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37.  The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

6

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

40.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

41.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

42.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

43.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

7

A)   An injunction preventing Defendant from placing in excess of two collection

calls within any seven days to any Massachusetts consumers' telephone;

B)   Declaratory relief as prayed herein;

C)   Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c.

93A § 9, including treble damages for Defendant's willful conduct;

D)   Awarding statutory damages as provided under the MCPA, pursuant to M.G.L.

c. 93A § 9, including treble damages for Defendant's willful conduct;

E)   Awarding reasonable attorney fees, litigation expenses and costs incurred

pursuant to M.G.L. c. 93A § 9;

F)   Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 10, 2018                PLAINTIFF,
                                       ROBERT NIGHTINGALE

                                       By Plaintiff's attorneys,

                                       LEMBERG LAW, LLC

                                       Sergei Lemberg (BBO# 650671)
                                       slemberg@lemberglaw.com
                                       LEMBERG LAW, LLC
                                       43 Danbury Road
                                       Wilton, CT 06897
                                       T: (203) 653-2250
                                       F: (203) 653-3424

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts
The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Robert Nightingale, on behalf of himself and all others similarly situated, | COUNTY |
|---|---|---|
| ADDRESS: | 75 Brainerd Rd., Allston, MA 02134 | Suffolk |

| | | DEFENDANT(S): | National Grid USA Service Company, Inc. |
|---|---|---|---|

| ATTORNEY: | Sergei Lemberg | | |
|---|---|---|---|
| ADDRESS: | Lemberg Law, LLC, 43 Danbury Road | ADDRESS: | 40 Sylvan Road, Waltham, MA 02451 |
| Wilton, Connecticut 06897 | | | |

| BBO: | 650671 |
|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES   ☐ NO |

*If "Other" please describe: VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
　　1. Total hospital expenses ................................................................... $ _____
　　2. Total doctor expenses ..................................................................... $ _____
　　3. Total chiropractic expenses ............................................................ $ _____
　　4. Total physical therapy expenses .................................................... $ _____
　　5. Total other expenses (describe below) ............................................ $ _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Subtotal (A):  $ _____

B. Documented lost wages and compensation to date .............................................. $ _____
C. Documented property damages to dated ............................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ............................. $ _____
E. Reasonably anticipated lost wages ....................................................................... $ _____
F. Other documented items of damages (describe below) ......................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL (A-F):$ _____

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: $    750,000

Signature of Attorney/Pro Se Plaintiff: X _____   Date: 010/10/2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 10/10/2018

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an
Incarcerated Party (A)
PB1 Tortious Action involving an
Incarcerated Party (A)
PC1 Real Property Action involving an
Incarcerated Party (F)
PD1 Equity Action involving an
Incarcerated Party (F)
PE1 Administrative Action involving an
Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal
Injury/Property Damage (F)
B04 Other Negligence - Personal
Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L. c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93 §9 (A)
E07 Mass Antitrust Act, G.L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149
§§29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court
Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56 (X)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

DUTY OF THE PLAINTIFF - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

DUTY OF THE DEFENDANT - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

# NOTIFY

3

## COMMONWEALTH OF MASSACHUSETTS
### THE TRIAL COURT

Suffolk County

Docket number: 18 - 3190 H

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

**Plaintiff(s):**

Robert Nightingale, *on behalf of himself and all others similarly situated,*

v.

**Defendant(s):**  National Grid USA Company, Inc.,

The undersigned moves to request that this honorable court appoint William Dewsnap, of Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

Attorney or requesting agent
address:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

Signed under the pains and penalties of perjury:

Sergei Lemberg, Esq.

Date:  October 10, 2018

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVERS

Pursuant to rule 4c, it is ordered that William Dewsnap, of Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

### ALLOWED

Signature

Assc. Justice   11/5/18
Title and date

# Commonwealth of Massachusetts

SUFFOLK, SS.

Robert Nightingale, on behalf of himself and all others similarly situated _____, PLAINTIFF(S),

v.

National Grid USA Company, Inc, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18. 3190 H

## SUMMONS

THIS SUMMONS IS DIRECTED TO **National Grid USA Company, Inc** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk County** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, **Suffolk** Court, **3 Pemberton Square Boston, MA 02108** (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: **Lemberg Law LLC, 43 Danbury Rd, 3rd Floor Wilton CT 06897**

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____      Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.