

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY CIVIL
Docket Report

**1884CV03190 Nightingale, Robert vs. National Grid USA Company Inc et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 10/12/2018 |
| **ACTION CODE:** | B99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Tortious Action | | |
| **CASE DISPOSITION DATE** | 11/19/2019 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 11/19/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil H |

| PARTIES |
|---|

| | |
|---|---|
| **Plaintiff**<br>Nightingale, Robert | **Attorney**                                           650671<br>Sergei Lemberg<br>Lemberg Law, LLC<br>Lemberg Law, LLC<br>43 Danbury Rd<br>Wilton, CT 06897<br>Work Phone (203) 653-2250<br>Added Date: 10/12/2018 |
| **Defendant**<br>First Contact LLC (as amended) | **Attorney**                                           633726<br>James W McGarry<br>Goodwin Procter LLP<br>Goodwin Procter LLP<br>100 Northern Ave<br>Boston, MA 02210<br>Work Phone (617) 570-1000<br>Added Date: 11/14/2019 |
| | **Attorney**                                           685146<br>Benjamin Raleigh Cox<br>Goodwin Procter LLP<br>Goodwin Procter LLP<br>100 Northern Ave<br>Boston, MA 02210<br>Work Phone (617) 570-8709<br>Added Date: 11/14/2019 |
| **Defendant**<br>IQor US inc (as amended) | **Attorney**                                           633726<br>James W McGarry<br>Goodwin Procter LLP<br>Goodwin Procter LLP<br>100 Northern Ave<br>Boston, MA 02210<br>Work Phone (617) 570-1000<br>Added Date: 11/14/2019 |
| | **Attorney**                                           685146<br>Benjamin Raleigh Cox<br>Goodwin Procter LLP<br>Goodwin Procter LLP<br>100 Northern Ave<br>Boston, MA 02210<br>Work Phone (617) 570-8709<br>Added Date: 11/14/2019 |

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| Defendant | Attorney | 546481 |
|---|---|---|
| National Grid USA Company Inc | Louis M Ciavarra | |
| | Bowditch & Dewey, LLP | |
| | Bowditch & Dewey, LLP | |
| | 311 Main St | |
| | PO Box 15156 | |
| | Worcester, MA 01615-0156 | |
| | Work Phone (508) 926-3408 | |
| | Added Date: 03/07/2019 | |

**Attorney** 684997
Jared A Fiore
Bowditch & Dewey, LLP
Bowditch & Dewey, LLP
311 Main St
PO Box 15156
Worcester, MA 01615
Work Phone (508) 791-3511
Added Date: 03/07/2019



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
Docket Report

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 10/12/2018 | | Attorney appearance<br>On this date Sergei Lemberg, Esq. added for Plaintiff Robert Nightingale | |
| 10/12/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 10/12/2018 | |
| 10/12/2018 | 1 | Original civil complaint filed. | |
| 10/12/2018 | 2 | Civil action cover sheet filed.<br><br>(750,000) (trk) | |
| 10/12/2018 | | Demand for jury trial entered. | |
| 10/18/2018 | | Notice of 93A complaint sent to Attorney General | |
| 11/01/2018 | 3 | Robert Nightingale's  MOTION for appointment of Special Process Server.<br>William Dewsnap of Dewsnap & Associates LLC (filed 10/12/18) | |
| 11/14/2018 | | Endorsement on Motion to Appoint Special Process Server (#3.0):<br>ALLOWED<br>(dated 11/5/18)<br><br>Judge: Ricciuti, Hon. Michael D | Ricciuti |
| 12/14/2018 | 4 | Service Returned for<br>Defendant National Grid USA Company Inc: Service through person in charge / agent; | |
| 12/31/2018 | 5 | Amended: First amended complaint filed by Robert Nightingale and Jury demand | |
| 01/10/2019 | 6 | Service Returned for<br>Defendant National Grid USA Company Inc: Service made in hand; | |
| 03/07/2019 | | Attorney appearance<br>On this date Louis M Ciavarra, Esq. added for Defendant National Grid USA Company Inc | |
| 03/07/2019 | | Attorney appearance<br>On this date Jared A Fiore, Esq. added for Defendant National Grid USA Company Inc | |
| 03/18/2019 | 7 | Received from<br>Defendant National Grid USA Company Inc: Answer to original complaint; | |
| 07/19/2019 | 8 | Plaintiff Robert Nightingale's Joint Motion to<br>extend tracking  order  deadlines | |
| 07/24/2019 | | Endorsement on Motion to Extend Tracking Order Deadlines (#8.0):<br>ALLOWED<br>in part. Discovery is extended to 11/8/19. Rule 56 motions to be served by 12/8/19  and filed by 1/7/20 (dated 7/23/19) notice sent 7/24/19 | Cowin |
| 09/19/2019 | 9 | Amended: second amended complaint filed by Robert Nightingale | |



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
Docket Report

| | | |
|---|---|---|
| 11/12/2019 | 10 | Plaintiff Robert Nightingale's Joint Motion to Extend Tracking Order Deadlines<br><br>Applies To: Nightingale, Robert (Plaintiff); National Grid USA Company Inc (Defendant) |
| 11/14/2019 | | Attorney appearance<br>On this date James W McGarry, Esq. added for Defendant First Contact LLC (as amended) |
| 11/14/2019 | | Attorney appearance<br>On this date Benjamin Raleigh Cox, Esq. added for Defendant First Contact LLC (as amended) |
| 11/14/2019 | 11 | Notice of Removal to the United States District Court filed by<br><br>Defendants First Contact LLC  and IQor US inc (US Dist # 19-cv-12341) Certified<br><br>Applies To: First Contact LLC (as amended) (Defendant); IQor US inc (as amended) (Defendant) |
| 11/14/2019 | | Attorney appearance<br>On this date James W McGarry, Esq. added for Defendant IQor US inc (as amended) |
| 11/14/2019 | | Attorney appearance<br>On this date Benjamin Raleigh Cox, Esq. added for Defendant IQor US inc (as amended) |
| 11/14/2019 | 12 | Received from<br>Defendant National Grid USA Company Inc: Answer to Second Amended Class Action Complaint; |
| 11/19/2019 | | REMOVED to the U.S. District Court of Massachusetts |
| 11/19/2019 | | Case transferred to another court. |

I HEREBY ATTEST AND CERTIFY ON
Nov. 21, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

Asst. Clerk

*1*

## COMMONWEALTH OF MASSACHUSETTS
### County of Suffolk
### The Superior Court

Robert Nightingale, *on behalf of himself and all* :
*others similarly situated,* :
 :
                Plaintiff, :
 : Civil Docket #: __18 - 3190 H__
      v. :
 :
 :
National Grid USA Company, Inc., :
 :
                Defendant. :

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Robert Nightingale, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.    This action arises out of Defendant National Grid USA Company, Inc.'s ("National Grid" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.    In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Oct. 8, 2018).

3.      As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.      The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.      It is National Grid's practice to call Massachusetts consumers more than twice a week to attempt to collect debts. National Grid placed more than two collection calls to Plaintiff Robert Nightingale ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated. Plaintiff seeks injunctive

2

relief to end National Grid's illegal practice, declaratory relief to make National Grid's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

**PARTIES**

6.      Plaintiff, Robert Nightingale, is an adult individual residing in Allston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.      Defendant, National Grid USA Company, Inc., is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451, and is a "creditor" as defined by 940 CMR § 7.03.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.  The Debt**

8.      Plaintiff allegedly incurred a financial obligation (the "Debt").

9.      The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.     National Grid attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

**B.  National Grid Engages in Unfair Business Practices**

11.     In or around June 2018, National Grid began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

12.     National Grid called Plaintiff's cell phone at number 857-XXX-7603.

13.     National Grid called Plaintiff from, *inter alia*, telephone number 866-910-7925.

14.     National Grid called Plaintiff at an excessive and harassing rate, placing more than two calls within a seven-day period.  For example, National Grid called Plaintiff's cellular

3

telephone on June 20, 2018 at 10:43 a.m., June 21, 2018 at 9:51 a.m., June 22, 2018 at 9:44 a.m. and 1:22 p.m., and on June 23, 2018 at 1:22 p.m.

## C. **Plaintiff Suffered Actual Damages and Injury**

15.     Plaintiff suffered actual damages as a result of National Grid's unlawful conduct.

16.     As a direct consequence of National Grid's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     National Grid's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of his personal privacy.

18.     National Grid's repeated calls wasted Plaintiff's time and energy spent tending to National Grid's calls.

## D. **Plaintiff's 93A Demand Letter**

19.     On July 3, 2018, Plaintiff mailed a demand letter to National Grid via certified mail, pursuant to M.G.L. c. 93A, § 9(3). Plaintiff's demand letter complained that National Grid violated M.G.L. c. 93A, § 2 and 940 CMR § 7.04(1)(f) by placing more than two calls in a seven-day period to Plaintiff's cellular telephone. The letter sought, *inter alia,* statutory and actual damages, double or treble damages, and for National Grid to cease the illegal calls.

20.     The demand letter was delivered to National Grid on July 9, 2018.

21.     To date, National Grid has not responded to Plaintiff's demand letter.

## CLASS ACTION ALLEGATIONS

## A. **The Class**

22.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

23.     Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from National Grid within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

## B. Numerosity

24.    As its regular business practice, National Grid hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

25.    The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

26.    Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

## C. Common Questions of Law and Fact

27.    There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

28.    The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.    Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   b.    Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D. Typicality

29.    Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

E.  **Protecting the Interests of Class Members**

30.    Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

31.    All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

32.    Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

F.  **Proceeding Via Class Action is Superior and Advisable**

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

35.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36.    Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37.    The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

40.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

41.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

42.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

43.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

7

A)    An injunction preventing Defendant from placing in excess of two collection

calls within any seven days to any Massachusetts consumers' telephone;

B)    Declaratory relief as prayed herein;

C)    Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c.

93A § 9, including treble damages for Defendant's willful conduct;

D)    Awarding statutory damages as provided under the MCPA, pursuant to M.G.L.

c. 93A § 9, including treble damages for Defendant's willful conduct;

E)    Awarding reasonable attorney fees, litigation expenses and costs incurred

pursuant to M.G.L. c. 93A § 9;

F)    Granting such other and further relief this Court deems just and appropriate.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 10, 2018

PLAINTIFF,
ROBERT NIGHTINGALE

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

I HEREBY ATTEST AND CERTIFY ON
Nov. 20, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
First Asst. Clerk

8

**2**

# CIVIL ACTION COVER SHEET

DOCKET NUMBER 18-3190H

**Trial Court of Massachusetts**
**The Superior Court**

| | |
|---|---|
| PLAINTIFF(S): Robert Nightingale, on behalf of himself and all others similarly situated, | COUNTY |
| ADDRESS: 75 Brainerd Rd., Allston, MA 02134 | Suffolk |
| | DEFENDANT(S): National Grid USA Service Company, Inc. |
| ATTORNEY: Sergei Lemberg | |
| ADDRESS: Lemberg Law, LLC. 43 Danbury Road | ADDRESS: 40 Sylvan Road, Waltham, MA 02451 |
| Wilton, Connecticut 06897 | |
| BBO: 650671 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES   ☐ NO |

**\*If "Other" please describe:** VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................................ $ _____
    2. Total doctor expenses ............................................................. $ _____
    3. Total chiropractic expenses ...................................................... $ _____
    4. Total physical therapy expenses ............................................... $ _____
    5. Total other expenses (describe below) ....................................... $ _____
                                                                 **Subtotal (A):** $ _____

B. Documented lost wages and compensation to date ................................................. $ _____
C. Documented property damages to dated ............................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ................................. $ _____
E. Reasonably anticipated lost wages ..................................................................... $ _____
F. Other documented items of damages (describe below) ........................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**TOTAL (A-F):$** _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $** 750,000

Signature of Attorney/Pro Se Plaintiff: X _[signature]_    **Date:** 010/10/2018

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_    **Date:** 10/10/2018

I HEREBY ATTEST AND CERTIFY ON
Nov. 20, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _[signature]_
First Asst. Clerk

NOTIFY

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

**3**

Suffolk County

Docket number:  18 - 3190 H

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

**Plaintiff(s):**

Robert Nightingale, *on behalf of himself and all others similarly situated,*

v.

**Defendant(s):**  National Grid USA Company, Inc.,

The undersigned moves to request that this honorable court appoint William Dewsnap, of Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

Attorney or requesting agent address:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

Signed under the pains and penalties of perjury:

_____
Sergei Lemberg, Esq.

Date:    October 10, 2018

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVERS

Pursuant to rule 4c, it is ordered that William Dewsnap, of Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

### ALLOWED

_____
Signature

Assoc. Justice   11/5/18
Title and date

I HEREBY ATTEST AND CERTIFY ON
Nov. 20, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

**4**

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _18- 3190 14_

Robert Nightingale, on behalf of
himself and all others similarly situated
_____, PLAINTIFF(S),

v.

National Grid USA Company, Inc. ,DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO National Grid USA Company, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk County_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   **How to Respond.** To respond to this lawsuit, you must file a written response with the court _and_ mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

     a.   Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk_ Court, 3 Pemberton Square Boston, MA 02108 (address), by mail or in person, **AND**

     b.   Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Lemberg Law LLC 43 Danbury Rd, 3rd Floor Wilton CT 06897

3.   **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20_____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on *December 10 ⊙3:3pm* 20 *18*, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

*by delivering "inchand" upon Bernardo Montance Process Special Dist Corporation Service Company, Registered Agent for National Grid USA Company, Inc. at 84 State Street, Boston, MA 02109.*

Dated: *December 10*, 20 *18*     Signature: *William H. Dewcrag III*

**Special Process Server & Disinterested Person**

N.B.     TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

*December 10, 2018*

*Documents Served:*
*1. Summons. 2. Class Action and Demand for Jury Trial.*
*3. Civil Action Cover Sheet. 4. Motion to Appoint Special Process Server, and 5. Civil Tracking Order.*

I HEREBY ATTEST AND CERTIFY ON
**Nov. 20, 2019** THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
First Asst. Clerk

**5**

## COMMONWEALTH OF MASSACHUSETTS
### County of Suffolk
### The Superior Court

| | |
|---|---|
| Robert Nightingale, *on behalf of himself and all others similarly situated*, | : |
| | : |
| Plaintiff, | : |
| | : Civil Docket #: 18-3190H |
| v. | : |
| | : |
| National Grid USA Service Company, Inc., | : |
| | : |
| Defendant. | : |

---

## FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this First Amended Class Action Complaint, Plaintiff Robert Nightingale, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.      This action arises out of Defendant National Grid USA Service Company, Inc.'s ("National Grid" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.      In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Oct. 8, 2018).

3.      As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.      The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.      It is National Grid's practice to call Massachusetts consumers more than twice a week to attempt to collect debts. National Grid placed more than two collection calls to Plaintiff Robert Nightingale ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated. Plaintiff seeks injunctive

relief to end National Grid's illegal practice, declaratory relief to make National Grid's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

6.     Plaintiff, Robert Nightingale, is an adult individual residing in Allston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.     Defendant, National Grid USA Service Company, Inc., is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.     Plaintiff allegedly incurred a financial obligation (the "Debt").

9.     The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.     National Grid attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B.  National Grid Engages in Unfair Business Practices

11.     In or around June 2018, National Grid began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

12.     National Grid called Plaintiff's cell phone at number 857-XXX-7603.

13.     National Grid called Plaintiff from, *inter alia*, telephone number 866-910-7925.

14.     National Grid called Plaintiff at an excessive and harassing rate, placing more than two calls within a seven-day period.  For example, National Grid called Plaintiff's cellular

3

telephone on June 20, 2018 at 10:43 a.m., June 21, 2018 at 9:51 a.m., June 22, 2018 at 9:44 a.m. and 1:22 p.m., and on June 23, 2018 at 1:22 p.m.

## C. Plaintiff Suffered Actual Damages and Injury

15.     Plaintiff suffered actual damages as a result of National Grid's unlawful conduct.

16.     As a direct consequence of National Grid's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     National Grid's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of his personal privacy.

18.     National Grid's repeated calls wasted Plaintiff's time and energy spent tending to National Grid's calls.

## D. Plaintiff's 93A Demand Letter

19.     On July 3, 2018, Plaintiff mailed a demand letter to National Grid via certified mail, pursuant to M.G.L. c. 93A, § 9(3).  Plaintiff's demand letter complained that National Grid violated M.G.L. c. 93A, § 2 and 940 CMR § 7.04(1)(f) by placing more than two calls in a seven-day period to Plaintiff's cellular telephone.  The letter sought, *inter alia,* statutory and actual damages, double or treble damages, and for National Grid to cease the illegal calls.

20.     The demand letter was delivered to National Grid on July 9, 2018.

21.     To date, National Grid has not responded to Plaintiff's demand letter.

## CLASS ACTION ALLEGATIONS

## A. The Class

22.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

23.     Plaintiff seeks to represent the following class (the "Class"):

All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from National Grid within a seven-day period to their residence, cellular telephone, or other provided telephone number.

## B. Numerosity

24.     As its regular business practice, National Grid hounds Massachusetts consumers with numerous debt collection calls per week.   Class members are believed to be so numerous that joinder of all members is impractical.

25.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.   Identification of the class members is a matter capable of ministerial determination from Defendant's records.

26.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

## C. Common Questions of Law and Fact

27.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

28.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

a.   Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

b.   Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D. Typicality

29.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

5

**E.  Protecting the Interests of Class Members**

30.    Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

31.    All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

32.    Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F.  Proceeding Via Class Action is Superior and Advisable**

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

35.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36.    Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37.    The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

40.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

41.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

42.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

43.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A)    An injunction preventing Defendant from placing in excess of two collection

       calls within any seven days to any Massachusetts consumers' telephone;

B)    Declaratory relief as prayed herein;

C)    Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c.

       93A § 9, including treble damages for Defendant's willful conduct;

D)    Awarding statutory damages as provided under the MCPA, pursuant to M.G.L.

       c. 93A § 9, including treble damages for Defendant's willful conduct;

E)    Awarding reasonable attorney fees, litigation expenses and costs incurred

       pursuant to M.G.L. c. 93A § 9;

F)    Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**


Dated: December 28, 2018

PLAINTIFF,
ROBERT NIGHTINGALE

By Plaintiff's attorneys,

LEMBERG LAW, LLC

I HEREBY ATTEST AND CERTIFY ON
Nov. 20, 2019            , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

First Asst. Clerk

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424


8

**Commonwealth of Massachusetts**

SUFFOLK, SS.

Robert Nightingale, on behalf
of himself and all others similarly situated
_____, PLAINTIFF(S),

v.

National Grid USA Service Company, Inc.
_____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-3194     3190-H

**SUMMONS**

THIS SUMMONS IS DIRECTED TO National Grid USA Service Company, Inc.
(Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. If you need more time to respond, you may request an
    **extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court, 3 Pemberton Sq.
        Boston, MA 02108 (address), by mail or in person, **AND**

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: 43 Danbury Rd. Wilton CT 06897

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### PROOF OF SERVICE OF PROCESS

I hereby certify that on January 7 D2:36pm 2019, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

by delivering "in hand" upon Zach Rokosz Process Specialist, Corporation Service Company, Registered Agent for National Grid USA Service Company, Inc at 84 State Street Boston, MA 02109

Dated: January 7, 2019     Signature: _____

William H. Dewsnap III
**Special Process Server & Disinterested Person**

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

January 7, 2019

Documents Served:
1. New Summons.
2. Amended Complaint.
3. Old Summons;
4. Complaint;
5. Civil Cover Sheet, and 6. Motion to Appoint Special Process Server.

I HEREBY ATTEST AND CERTIFY ON
Nov. 20, 2019
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

7

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

SUFFOLK, SS.                                        CIVIL ACTION NO. 1884CV03190

ROBERT NIGHTINGALE, *on behalf of himself* )
*and all others similarly situated,*                      )
                              Plaintiff,                   )
                                                          )
v.                                                        )
                                                          )
NATIONAL GRID USA SERVICE COMPANY,        )
INC.,                                                     )
                              Defendant.                   )
                                                          )
                                                          )

## ANSWER

Defendant National Grid USA Service Company, Inc. ("Defendant") hereby responds to

the First Amended Complaint of Plaintiff, Robert Nightingale ("Plaintiff"), as follows:

All headers, sub-headers, and unnumbered paragraphs set forth in the Complaint are

denied unless specifically admitted.

1.      Denied.

2.      Defendant is without sufficient information to either admit or deny the allegations

in Paragraph 2 and therefore they are denied.

3.      Defendant is without sufficient information to either admit or deny the allegations

in Paragraph 3 and therefore they are denied.

4.      Defendant is without sufficient information to either admit or deny the allegations

in Paragraph 4 and therefore they are denied.

5.      Denied.

6.      Defendant is without sufficient information to either admit or deny the allegations

in Paragraph 6 and therefore they are denied.

7.    Defendant admits that it is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451.  The remaining allegation in Paragraph 7 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies this allegation.

8.    Denied.

9.    Paragraph 9 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

10.    Paragraph 10 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Paragraph 22 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

23.    Paragraph 23 is a statement of Plaintiff's intent to which no response is required. To the extent a further response is required, Defendant denies the allegations.

24.    Paragraph 24 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

25.    Denied.

26.    Denied.

27.    Paragraph 27 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

28.    Paragraph 28 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

29.    Paragraph 29 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

30.    Paragraph 30 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

31.    Paragraph 31 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

32.    Paragraph 32 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

33.    Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 33.

34.    Paragraph 34 states a legal conclusion to which no response is required. To the extent a further response is required, Defendant denies the allegations.

35.     Paragraph 35 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

36.     Paragraph 36 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

37.     Paragraph 37 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

38.     Defendant repeats and realleges its responses to Paragraphs 1 through 37 as if fully set forth herein.

39.     Paragraph 39 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

40.     Paragraph 40 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

41.     Paragraph 41 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

42.     Paragraph 42 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

43.     Paragraph 43 states a legal conclusion to which no response is required.  To the extent a further response is required, Defendant denies the allegations.

DEFENDANT HEREBY RESERVES THE RIGHT TO OPPOSE ANY MOTION, REQUEST, OR ACTION TO CERTIFY A CLASS PURSUANT TO MASS. R. CIV. P. 23.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, the right to maintain the claims set forth in the First Amended Complaint.

THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped, in whole or in part, from maintaining the claims set forth in the First Amended Complaint.

FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged, which Defendant denies, then said damage resulted from Plaintiff's own acts and/or omissions.

FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged, which Defendant denies, then said damage resulted from the acts and/or omissions of persons or entities for whose conduct Defendant is neither legally liable nor responsible.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the failure to mitigate damages.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to insufficiency of process and/or service of process.

NINTH AFFIRMATIVE DEFENSE

Defendant did not violate the MCPA, M.G.L. c. 93A, MDCR, or 940 CMR § 7.04(1)(f), or any other statute or regulation cited in the First Amended Complaint.

TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with all prerequisites concerning the claims set forth in the First Amended Complaint, including but not limited to M.G.L. c. 93A.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Defendant's actions are liable, which Defendant denies, it did not act knowingly or willfully in violation of any statute or regulation.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to misnomer of a party.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to establish the prerequisites for a class action pursuant to Mass. R. Civ. P. 23.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a class action pursuant to Mass. R. Civ. P. 23.

Pursuant to Mass. R. Civ. P. 8 and 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to the First Amended Complaint, and Defendant reserves the right to amend its Answer to allege additional affirmative defenses as subsequent investigation warrants.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss this action or enter judgment in its favor on all claims; award it costs, expenses, and attorneys' fees incurred, and which it will incur in connection with this action; grant it such further relief as this Court deems just and appropriate; and deny any and all relief requested by Plaintiff.

NATIONAL GRID USA SERVICE
COMPANY, INC.

By Its Attorneys,


Louis M. Ciavarra (BBO #546481)
Jared A. Fiore (BBO #684997)
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  508-926-3416
Facsimile:  508-929-3116
E-mail:  lciavarra@bowditch.com
        jfiore@bowditch.com

Date: March 15, 2019

I HEREBY ATTEST AND CERTIFY ON
Nov. 20, 2019
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

CERTIFICATE OF SERVICE

I, Jared A. Fiore, hereby certify that I have served a copy of the foregoing on the

following by mailing same, postage prepaid, this _15_ day of March 2019, to:

Sergei Lemberg, Esquire
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897

Jared A. Fiore

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

SUFFOLK, SS.                              CIVIL ACTION NO. 1884CV03190

ROBERT NIGHTINGALE, *on behalf of himself*   )
*and all others similarly situated,*          )        Notified (JRB)
                                              )        B+D-LLP / J.A.F.
            Plaintiff,                        )                L.M.C.
                                              )
v.                                            )        LL / S.L.
                                              )        7/24/19
NATIONAL GRID USA SERVICE COMPANY,            )
INC.,                                         )
                                              )
            Defendant.                        )
                                              )

**JOINT MOTION TO EXTEND
TRACKING ORDER DEADLINES**

The Parties to the above-captioned action hereby jointly move this Honorable Court to

issue an order extending the tracking order deadlines as set forth below.  As grounds for this

Motion, the Parties state as follows:

1.      This is the Parties' first request to extend the tracking order deadlines.

2.      Discovery has not yet concluded.  The Parties have engaged in written discovery

and expect that the additional time requested will enable the Parties to complete written

discovery, conduct necessary depositions, and to serve and file motions for summary judgment if

applicable.

3.      No party will be prejudiced by allowance of this Motion as it is jointly sought.

4.      No pretrial conference or trial date has been scheduled in this matter.

5.      As such, the Parties request that this Court extend the tracking order deadlines as

follows:

{Client Files/140702/0387/PLD/04721693.DOCX:1}
4823-8939-1260.1

Discovery completed by:          December 15, 2019

Rule 56 motions served by:       January 31, 2019

Rule 56 motions filed by:        March 16, 2019

WHEREFORE, the Parties request that this Court extend the Tracking Order deadlines as set forth above.

ROBERT NIGHTINGALE, ON BEHALF           NATIONAL GRID USA SERVICE
OF HIMSELF AND ALL OTHERS               COMPANY, INC.
SIMILARLY SITUATED

By Their Attorney                       By Its Attorneys,


_Sergi Lemberg (w/ perm.)_              _Jared A. Fiore_
Sergei Lemberg (BBO #650670)            Louis M. Ciavarra (BBO #546481)
Lemberg Law, LLC                        Jared A. Fiore (BBO #684997)
43 Danbury Road                         BOWDITCH & DEWEY, LLP
Wilton, CT 06897                        311 Main Street
Telephone:  203-653-2250                P.O. Box 15156
Facsimile:  203-653-3424                Worcester, MA 01615-0156
Email:  slemberg@lemberglaw.com         Telephone:  508-926-3416
                                        Facsimile:  508-929-3116
                                        E-mail:  lciavarra@bowditch.com
                                                 jfiore@bowditch.com


July _17_, 2019

I HEREBY ATTEST AND CERTIFY ON
_Nov. 20, 2019_, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

{Client Files/140702/0387/PLD/04721693.DOCX:1}

2

4823-8939-1260.1

## CERTIFICATE OF SERVICE

I, Jared A. Fiore, hereby certify that I have on this *17* day of July, 2019 served the foregoing by mailing a copy thereof, postage prepaid, and sending the same by electronic mail to:

>Sergei Lemberg, Esquire
>Lemberg Law, LLC
>43 Danbury Road
>Wilton, CT 06897



_____
Jared A. Fiore

9.

## COMMONWEALTH OF MASSACHUSETTS
### County of Suffolk
### The Superior Court

Robert Nightingale, *on behalf of himself and all others similarly situated*,

        Plaintiff,

        v.

National Grid USA Service Company, Inc.; First Contact LLC; and iQor US Inc.,

        Defendants.

Civil Docket #:1884CV03190

## SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Second Class Action Complaint, Plaintiff Robert Nightingale, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.      This action arises out of Defendants' repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in their illegal efforts to collect consumer debts.

2.      In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Oct. 8, 2018).

3.    As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.    The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the <u>initiation</u> of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless <u>initiated</u> the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.    It is Defendants' practice to call Massachusetts consumers more than twice a week to attempt to collect National Grid debts. Defendants placed more than two collection calls to Plaintiff Robert Nightingale ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated. Plaintiff

seeks injunctive relief to end Defendants' illegal practice, declaratory relief to make Defendants' violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

**PARTIES**

6.      Plaintiff, Robert Nightingale, is an adult individual residing in Allston, Suffolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.      Defendant National Grid USA Service Company, Inc. ("National Grid"), is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451, and is a "creditor" as defined by 940 CMR § 7.03.

8.      Defendant iQor US Inc. ("iQor") is a Delaware corporation with an address of 200 Central Ave, 7th Floor, St. Petersburg, Florida 33701, and is a "creditor" as defined by 940 CMR § 7.03.

9.      Defendant First Contact LLC ("First Contact," and collectively together with National Grid and iQor, "Defendants"), is a wholly owned subsidiary of iQor with an address of 200 Central Ave, 7th Floor, St. Petersburg, Florida 33701.  It is a "creditor" as defined by 940 CMR § 7.03.

10.     Upon information and belief, neither iQor nor First Contact maintain places of business within the Commonwealth of Massachusetts, nor does they keep any assets in the Commonwealth of Massachusetts.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

A. **The Debt**

11.     Plaintiff allegedly incurred a financial obligation to National Grid (the "Debt").

12.     The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

3

13.     Defendants each attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

**B.  Defendants Engage in Unfair Business Practices**

14.     National Grid contracted with First Contact LLC and iQor to place debt collection calls to Plaintiff on its behalf in order to collect the Debt.

15.     In or around June 2018, Defendants began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

16.     Defendants called Plaintiff's cell phone at number 857-XXX-7603.

17.     Defendants called Plaintiff from, *inter alia*, telephone number 866-910-7925.

18.     Defendants called Plaintiff at an excessive and harassing rate, placing more than two calls within a seven-day period.   For example, Defendants called Plaintiff's cellular telephone on June 20, 2018 at 10:43 a.m., June 21, 2018 at 9:51 a.m., June 22, 2018 at 9:44 a.m. and 1:22 p.m., and on June 23, 2018 at 1:22 p.m.

**C.  Plaintiff Suffered Actual Damages and Injury**

19.     Plaintiff suffered actual damages as a result of Defendants' unlawful conduct.

20.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     Defendants' repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of his personal privacy.

22.     Defendants' repeated calls wasted Plaintiff's time and energy spent tending to National Grid's calls.

### D.  Plaintiff's 93A Demand Letter to National Grid

23.    On July 3, 2018, Plaintiff mailed a demand letter to National Grid via certified mail, pursuant to M.G.L. c. 93A, § 9(3).  Plaintiff's demand letter complained that National Grid violated M.G.L. c. 93A, § 2 and 940 CMR § 7.04(1)(f) by placing more than two calls in a seven-day period to Plaintiff's cellular telephone.  The letter sought, *inter alia,* statutory and actual damages, double or treble damages, and for National Grid to cease the illegal calls.

24.    The demand letter was delivered to National Grid on July 9, 2018.

25.    To date, National Grid has not responded to Plaintiff's demand letter.

## CLASS ACTION ALLEGATIONS

### A.  The Class

26.    Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

27.    Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a National Grid debt from National Grid, First Contact and/or iQor within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

### B.  Numerosity

28.    As its regular business practice, Defendants hound Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

29.    The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendants' records.

30.    Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

## C.  Common Questions of Law and Fact

31.    There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

32.    The following questions of law and fact common to the class members are ripe for determination and are raised herein:

    a.    Whether Defendants violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

    b.    Whether Defendants willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D.  Typicality

33.    Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

## E.  Protecting the Interests of Class Members

34.    Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendants' unlawful conduct.

35.    All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

36.    Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

## F. Proceeding Via Class Action is Superior and Advisable

37.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

39.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

40.    Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

41.    The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

**COUNT I**
**VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,**
**AND MDCR, 940 CMR § 7.04(1)(f)**

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    Defendants initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

44.     Defendants' failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

45.     Defendants willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

46.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendants from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

47.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendants knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendants' practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class against Defendants, as follows:

A)     An injunction preventing Defendants from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone;

B)     Declaratory relief as prayed herein;

C)     Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendants' willful conduct;

D)     Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendants' willful conduct;

E)    Awarding reasonable attorney fees, litigation expenses and costs incurred

pursuant to M.G.L. c. 93A § 9;

F)    Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 13, 2019                    PLAINTIFF,
ROBERT NIGHTINGALE

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

I HEREBY ATTEST AND CERTIFY ON
Nov. 20, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
First Asst. Clerk

9

10

# COMMONWEALTH OF MASSACHUSETTS
## County of Suffolk
## The Superior Court

|  |  |
|---|---|
| Robert Nightingale, *on behalf of himself and all others similarly situated*, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : Civil Docket #:1884CV03190 |
|  | : |
|  | : |
| National Grid USA Service Company, Inc.; First Contact LLC; and iQor US Inc., | : |
|  | : |
| Defendants. | : |

## JOINT MOTION TO EXTEND
## TRACKING ORDER DEADLINES

Plaintiff Robert Nightingale ("Plaintiff") and Defendant National Grid USA Service Company Inc. ("National Grid," and together with Plaintiff, the "Parties") hereby jointly move this Honorable Court to issue an order extending the tracking order deadlines as set forth below. As grounds for this Motion, the Parties state as follows:

1.      Plaintiff brings this putative class action lawsuit for alleged violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, et seq. ("MDCR).

2.      On September 13, 2019, Plaintiff filed a Second Amended Complaint adding First Contact LLC and iQor US Inc. as co-defendants.

3.      Plaintiff served copies of the Summons and Second Amended Complaint on First Contact LLC and iQor US Inc. on October 15, 2019.  The newly added defendants have yet to appear in this Action.

4.     The Parties have engaged in written discovery, which is ongoing, and they are working to schedule necessary depositions.

5.     Given the November 8, 2019 discovery deadline, the Parties need additional time to continue with their discovery efforts, including discovery involving the newly-added defendants and therefore seek to extend the deadlines set forth in the tracking order by 120 days.

6.     No pretrial conference or trial date has been scheduled in this matter and no party will be prejudiced by the request.

7.     As such, the Parties request that this Court extend the tracking order deadlines as follows:

| | |
|---|---|
| Discovery completed by: | March 6, 2020 |
| Rule 56 motions served by: | April 6, 2020 |
| Rule 56 motions filed by: | May 6, 2020 |

WHEREFORE, the Parties request that this Court extend the Tracking Order deadlines as set forth above.

2

Plaintiff

___/s/ Sergei Lemberg_____

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
(203) 653-2250
Attorney for Plaintiff

Defendant

/s/ Louis M. Ciavarra

Louis M. Ciavarra
Jared A. Fiore
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Email: lciavarra@bowditch.com
Email: jfiore@bowditch.com
Attorneys for Defendant

I HEREBY ATTEST AND CERTIFY ON
_Nov. 20, 2019_ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
First Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT OF
                                               THE TRIAL COURT

| ROBERT NIGHTINGALE, *on behalf of himself and all others similarly situated,* | US Dist # 19-CV-12341 |

Plaintiff,

v.                                             Civil Action No. 1884CV03190H

NATIONAL GRID USA SERVICE
COMPANY, INC.; FIRST CONTACT LLC,
and IQOR US INC.,

Defendants.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

PLEASE TAKE NOTICE that Pursuant to 28 U.S.C. § 1446(d), Defendants First Contact

LLC and iQor US Inc. hereby give notice to all adverse parties and to the Superior Court of

Suffolk County, that a Notice of Removal has been filed, thereby removing the above-captioned

action to the United States District Court for the District of Massachusetts. Copies of the Notice

of Removal and corresponding Notice of Electronic Filing, without exhibits, are attached hereto

as **Exhibit A**.

Dated: November 13, 2019

Respectfully submitted,

First Contact LLC and iQor US Inc.,

By its attorneys,

*James W. McGarry* (AT)

James W. McGarry (BBO No. 633726)
Benjamin R. Cox (BBO No. 685146)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
JMcGarry@goodwinlaw.com
BCox@goodwinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019 I caused the foregoing document to be served by first class mail, postage prepaid on the following counsel of record:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

*Counsel for Plaintiff Robert Nightingale*

Louis M. Ciavarra, Esq.
Jared A. Fiore, Esq.
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01615

*Counsel for Defendant National Grid USA Company Inc.*

I HEREBY ATTEST AND CERTIFY ON
Nov. 21, 2019. THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

*James W. McGarry* (at)
James W. McGarry

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT NIGHTINGALE, *on behalf of himself and all others similarly situated,*

Plaintiff,

v.

NATIONAL GRID USA SERVICE COMPANY, INC., FIRST CONTACT LLC, and IQOR US INC.

Defendants.



Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts

SUPERIOR C...
CLERK'S OFFICE           Deputy Clerk
F I L E D
NOV 1 4 2019    Date:  11/14/2019

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

## NOTICE OF REMOVAL

Defendants First Contact LLC ("First Contact") and iQor US Inc. ("iQor"), hereby remove the above-captioned action, Civil Docket No. 1884CV03190, currently pending in the Massachusetts Superior Court in Suffolk County, to the United States District Court for the District of Massachusetts. Removal is based on 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453.

As grounds for removal, First Contact and iQor state the following:

## BACKGROUND

1.    Plaintiff Robert Nightingale ("Plaintiff") commenced this putative class action on or about October 12, 2018 by filing a Class Action Complaint with the Clerk for the Superior Court for Suffolk County, Massachusetts (the "State Court Action"). The complaint named National Grid USA Service Company, Inc. ("National Grid") as the sole Defendant. The State Court Action was assigned Civil Docket No. 1884CV03190.

2.     On or about December 31, 2018, Plaintiff filed a First Amended Class Action Complaint in the State Court Action.

3.     On or about September 19, 2019, Plaintiff filed a Second Amended Class Action Complaint ("Second Am. Compl.") in the State Court Action.  The Second Amended Complaint added for the first time two additional defendants: First Contact LLC ("First Contact") and iQor US Inc. ("iQor").  National Grid, First Contact, and iQor are collectively referred to as Defendants.

4.     On October 15, 2019, Plaintiff served First Contact and iQor with the summons, original Class Action Complaint, First Amended Complaint, and the operative Second Amended Complaint.  Attached hereto as Exhibit A is a copy of all process and pleadings served upon First Contact and iQor in the State Court Action.

5.     The Second Amended Complaint alleges a single Count for violations of the Mass Consumer Protection Act, M.G.L. c. 93A § 2, et seq., and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00, et seq.  Second Am. Compl. ¶¶ 42 – 47.  More specifically, Plaintiff alleges that Defendants placed unwanted and excessive debt collection calls to Plaintiff's cellular telephone in violation of Massachusetts law.  Id. ¶¶ 1 – 5.

6.     Plaintiff brings suit on his own behalf and on behalf of a putative class of Massachusetts borrowers.  Id. ¶¶ 26 – 27.  The Second Amended Complaint seeks various forms of relief for Plaintiff and the putative class, including actual damages, statutory damages, treble damages, injunctive relief, declaratory relief, and attorneys' fees and costs of suit.  Id., at pp. 8 – 9 ("Demand for Relief").

## PLAINTIFF'S ALLEGATIONS AND ALLEGED DAMAGES

7.      Plaintiff Robert Nightingale resides in Suffolk County in Allston, Massachusetts. *Id.* ¶ 6.  Mr. Nightingale alleges that after incurring a debt to National Grid, he received collection calls from First Contact and/or iQor in excess of the legal limit of two such calls within a seven-day period. *Id.* ¶¶ 11, 14 – 18.[1]  Specifically, Plaintiff alleges that he received five debt collection calls between June 20, 2018 and June 23, 2018. *Id.* ¶ 18.

8.      Plaintiff's action is brought on behalf of a putative class of: "All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a National Grid debt from National Grid, First Contact and/or iQor within a seven-day period to their residence, cellular telephone, or other provided telephone number." *Id.* ¶ 27.

9.      In the Demand for Relief (*id.* at pp. 8 – 9), Plaintiff seeks the following damages:

  (a)      an injunction preventing Defendants from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone;

  (b)      declaratory relief;

  (c)      actual damages, including treble damages for willful conduct;

  (d)      statutory damages, including treble damages for willful conduct;

  (e)      attorneys' fees and costs;

  (f)      all other relief the Court deems appropriate.

## STATUTORY REQUIREMENTS – CLASS ACTION FAIRNESS ACT

10.      Jurisdiction is proper in this Court pursuant to 28 U.S.C.§ 1332(d)(2) because district courts have original jurisdiction over a putative civil class action in which (a) any

---

[1] Defendant First Contact is a subsidiary of iQor.  The parent company, iQor, did not place calls to Plaintiff or the putative class members.

member of the class of plaintiffs is a citizen of a State different from any defendant, and (b) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). As alleged, the Second Amended Complaint meets all the elements of CAFA jurisdiction: Plaintiff alleges a putative class action, minimal diversity between the parties, more than 100 class members, and the amount in controversy exceeds $5 million.

11.     Furthermore, the home state and local controversy exceptions to CAFA jurisdiction do not apply because (i) the primary defendants are not all citizens of Massachusetts; and (ii) the alleged conduct of the sole in-state Defendant, National Grid, does not "form[] a significant basis for the claims asserted by the proposed class…." 28 U.S.C. § 1332(d)(4).

12.     <u>Plaintiff Alleges a Putative Class Action</u>.  The State Court Action is a "class action" within the meaning of CAFA. 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). First Contact and iQor deny, however, that this case could be certified as a class action, and expressly reserve their right to oppose any motion for class certification filed in this action.

13.     Plaintiff allegedly "brings this case as a class action pursuant to … Rule 23 of the Massachusetts Rules of Civil Procedure" and seeks certification of the following class: "All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a National Grid debt from National Grid, First Contact and/or iQor within a seven-day period to their residence, cellular telephone, or other provided telephone number." *Id.* ¶¶ 26 – 27.

14.     <u>CAFA Numerosity is Satisfied</u>.  The CAFA numerosity requirement is met in this case, as the putative class consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges "that there are thousands of Massachusetts consumers who are members of the Class" and that "joinder of all members is impracticable." Second Am. Compl. ¶¶ 28, 30.

15.     <u>Minimal Diversity of Citizenship Exists</u>.  The requisite diversity of citizenship

exists under 28 U.S.C. § 1332(d)(2).  Plaintiff alleges that he and the putative class members

reside in Massachusetts.  Second Am. Compl. ¶¶ 6, 27.  Plaintiff alleges that Defendant iQor "is

a Delaware corporation" with a principal place of business in Florida, and that Defendant First

Contact is a subsidiary of iQor with a principal place of business in Florida.  *Id.* ¶¶ 8 – 9.

Plaintiff further alleges that "neither iQor nor First Contact maintain places of business within

the Commonwealth of Massachusetts, nor do[] they keep any assets in the Commonwealth of

Massachusetts." *Id.* ¶ 10.  Thus, minimal diversity exists because Plaintiff Nightingale and the

putative class are citizens of Massachusetts, whereas Defendants First Contact and iQor are not.

16.     <u>Amount in Controversy Exceeds $5 Million</u>.  The amount in controversy in this

action exceeds $5,000,000, exclusive of interest and costs.[2]  Under 28 U.S.C. §1332(d), as

amended by CAFA, the amount in controversy in a putative class action is determined by

aggregating the amount in issue in the claims of all members of the putative class.  28 U.S.C.

§1332(d).  Plaintiff fails to allege specific damage amounts for himself or any putative class

member.  However, the allegations in the Second Amended Complaint—taken as true solely for

purposes of removal—demonstrate that more than $5,000,000 is in controversy.

17.     *First,* Plaintiff asserts, in the Civil Action Cover Sheet he filed in the State Court

Action, that his claim is worth $750,000.00.  Ex. A.  Thus, the amount in controversy for a class

of "thousands" as to which his claims are "typical" (as Plaintiff alleges) exceeds $5 million.

---

[2] First Contact and iQor deny that they are subject to the regulation at issue or subject to any
liability, and deny that any plaintiff or putative class member is entitled to recovery in any
amount.  First Contact and iQor further deny that any plaintiff or class member is entitled to
relief in any of the various forms and amounts sought.  First Contact and iQor do not admit that,
if liability is found, it will exceed $5,000,000.  Instead, the figures set forth herein are solely for
purposes of establishing that the CAFA amount in controversy requirement is satisfied, taking
the facts alleged in the Second Amended Complaint as true solely for the purposes of this Notice
of Removal.

18.     *Second*, the statutory damages sought by the class demonstrate that more than $5 million is in controversy, especially when considering treble damages.  Chapter 93A permits recovery in the amount of actual damages or $25, whichever is greater—and up to three, but not less than two times such amount, if the court finds that a defendant's action or practice was a willful or knowing violation. M.G.L. c. 93A, § 9(3).  First Contact and iQor deny that they violated Chapter 93A, and further deny that Plaintiff would be entitled to multiple damages even if successful on his underlying claim.  However, the court must include any asserted right to treble damages in determining the amount in controversy for purposes of subject matter jurisdiction. *See F.C.I. Realty Trust v. Aetna Casualty & Surety Co.*, 906 F. Supp. 30, 32 n.1 (D. Mass. 1995) (explaining that treble damages "must be considered to the extent claimed in determining jurisdictional amount").

19.     Plaintiff alleges that he received five calls over a four day period which, if true, would mean as many as three violations of the relevant regulation over a single week.  Assuming there could be recovery for each such call, the minimum alleged damages for Plaintiff alone is $75 per week.[3]  Assuming class members were called at the same rate as Plaintiff (5 times per week) and that collection calls continued at that rate for just one month, the statutory damages would be $300 per class member, or $900 per class member if trebled.  Under these assumptions, a class size of only 5,600 would be large enough to satisfy the jurisdictional amount in controversy [(5,600 * $900) > $5,000,000].  If Plaintiff were to claim actual damages of greater than $25 per call, then the amount in controversy would be even higher.  These assumptions are

---

[3] First Contact and iQor do not concede that Plaintiff could recover a $25 penalty under Chapter 93A for each call, rather than a single penalty for the alleged practice or a single penalty for each week or a single penalty applied based on some other measure.  First Contact and iQor also do not waive their rights, based on a penalty assessment, that any award must be reduced in the court's discretion or for constitutional or other reasons.

consistent with Plaintiff's allegations that Defendants' "regular business practice" is to "hound Massachusetts consumers with numerous debt collection calls per week" and that his own "claims are typical of the claims of the class members." Second Am. Compl. ¶¶ 28, 33; *see Sierra v. Progressive Direct Ins. Co.*, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012) ("To ascertain the amount in controversy, a court may simply multiply (1) the putative class size by (2) a class member's typical damages.").

20.     *Third*, while the $5 million amount in controversy is already established based on the statutory damages sought, the Complaint also seeks attorneys' fees. Second Am. Compl., at pp. 8 – 9 ("Demand for Relief"). Attorneys' fees are considered in the amount in controversy where they are authorized by state statute, as they are in Chapter 93A. *Ciardi v. F. Hoffman-La Roche, Ltd.*, 2000 WL 159320, at *1 (D. Mass. Feb. 7, 2000).

21.     While the amount of attorneys' fees cannot yet be determined, attorneys' fees under Chapter 93A can be based on hours expended and results obtained and can be awarded based on a share of a common class fund. *Heller v. Silverbranch Const. Corp.*, 376 Mass. 621, 629 (Mass. 1978) (award of attorneys' fees based on, among other things, the "difficulty of the legal and factual issues involved, and [] the degree of competence demonstrated by the attorney"). Thus, accounting for attorneys' fees, the amount in controversy will increase further.

22.     Adding all of these claimed putative class damages, as detailed above, the alleged amount in controversy well exceeds $5,000,000.

23.     <u>Home State Exception</u>. Remand under the home state exception is not possible because "the primary defendants" are not all citizens of Massachusetts. 28 U.S.C. § 1332(d)(4)(B). In the CAFA context, "the term 'the primary defendants' means that *all* primary defendants must be citizens of the state concerned." *Manson v. GMAC Mortg., LLC*,

602 F. Supp. 2d 289, 296 (D. Mass. 2009). Furthermore, "Courts that have addressed the issues

of primary and secondary defendants in the context of CAFA have defined the term 'primary

defendants' as those parties that are directly liable to plaintiffs and secondary defendants as

parties joined under theories of vicarious liability or for purposes or contribution or

indemnification." *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 359 (E.D.N.Y.

2008) (collecting cases). Here, Plaintiff alleges that "National Grid contracted with First Contact

LLC and iQor to place debt collection calls to Plaintiff on its behalf…" Second Am. Compl.

¶ 14. Accordingly, National Grid is a secondary defendant, because liability as to National Grid

would be premised on principles of agency or vicarious liability rather that direct wrongdoing.

*See Sorrentino*, 588 F. Supp. 2d at 359. Even if National Grid is considered a primary defendant,

First Contact and iQor are also primary defendants because they are the entities that Plaintiff

alleges are directly responsible for violating Chapter 93A by placing allegedly unlawful calls to

Plaintiff and the putative class. As such, remand under the home state exception is not possible.

    24.    Local Controversy Exception. For similar reasons, remand under the local

controversy exception is not possible because the alleged conduct of the sole in-state Defendant,

National Grid, does not "form[] a significant basis for the claims asserted by the proposed

class…." 28 U.S.C. § 1332(d)(4)(A). Here, the only conduct attributed to National Grid is that

it "contracted with First Contact LLC and iQor." Second Am. Compl. ¶ 14. By contrast,

Plaintiff alleges that First Contact and/or iQor are directly responsible for the alleged

wrongdoing by placing allegedly unlawful calls to Plaintiff and the putative class. Thus, the

conduct of National Grid does not "form[] a significant basis for the claims asserted by the

proposed class." 28 U.S.C. § 1332(d)(4)(A); *see, e.g.*, *Dutcher v. Matheson*, 16 F. Supp. 3d

1327, 1334–35 (D. Utah 2014) (defendant's actions do not "form[] a significant basis for the

claims asserted by the proposed class" where "[t]he majority of the factual allegations … pertain to actions taken by" other defendants).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

25.    <u>Removal to Proper Court</u>.  This Court is part of the "district and division" embracing the place where the action was filed—Suffolk County, Massachusetts—and so is a proper venue for removal.  *See* 28 U.S.C. § 1446(a).

26.    <u>Removal is Timely</u>.  First Contact and iQor are entitled to remove this action from the State Court at any time up to 30 days after formal service of a summons and complaint.  *See* 28 U.S.C. § 1446(b).  The summons and Amended Complaint were served on First Contact and iQor on October 15, 2019.   Therefore, this Notice of Removal is timely because it is filed within 30 days as required by 28 U.S.C. § 1446(b).

27.    <u>Consent of all Defendants</u>.  Pursuant to 28 U.S.C. § 1453(b), removal under CAFA does not require the consent of all defendants.

28.    <u>Pleadings and Process</u>.  Attached hereto as <u>Exhibit A</u> is a copy of all process, pleadings and orders served upon First Contact and iQor in the State Court Action.  *See* 28 U.S.C. § 1446(a).  Pursuant to Local Rule 81.1(a), First Contact and iQor will file certified or attested copies of all records, proceedings, and docket entries in the State Court within 28 days of the filing of this Notice of Removal.

29.    First Contact and iQor have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

30.    <u>Notice</u>.  First Contact and iQor will promptly serve upon all adverse parties and file with the Clerk of the Superior Court for Suffolk County, Massachusetts a Notice to Adverse Parties and State Court, attached hereto as <u>Exhibit B</u>.  *See* 28 U.S.C. §§ 1446(d).

31.    <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

32.    <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

## CONCLUSION

33.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. §§ 1441, 1446 & 1453.

34.    In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, First Contact and iQor respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

First Contact LLC and iQor US Inc.,

By its attorneys,

/s/ James W. McGarry
James W. McGarry (BBO #633726)
Benjamin R. Cox (BBO #685146)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts  02210
Tel.: 617.570.1000
Fax.: 617.523.1231
jmcgarry@goodwinlaw.com
bcox@goodwinlaw.com

Dated:   November 13, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019 I caused the foregoing document to be served by first class mail, postage prepaid on the following counsel of record:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

*Counsel for Plaintiff Robert Nightingale*

Louis M. Ciavarra, Esq.
Jared A. Fiore, Esq.
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01615

*Counsel for Defendant National Grid USA Company Inc.*

/s/ James W. McGarry

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

SUFFOLK, SS.                    CIVIL ACTION NO. 1884CV03190

ROBERT NIGHTINGALE, *on behalf of himself*      )
*and all others similarly situated*,            )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )
                                                )
NATIONAL GRID USA SERVICE COMPANY,              )
INC.,                                           )
                                                )
                    Defendant.                  )
                                                )
                                                )

## DEFENDANT NATIONAL GRID USA SERVICE COMPANY, INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendant National Grid USA Service Company, Inc. ("National Grid") hereby responds

to the Second Amended Complaint of Plaintiff, Robert Nightingale ("Plaintiff"), as follows:

All headers, sub-headers, and unnumbered paragraphs set forth in the Second Amended

Complaint are denied unless specifically admitted.

1.      Denied.

2.      National Grid is without sufficient information to either admit or deny the

allegations in Paragraph 2 and therefore they are denied.

3.      National Grid is without sufficient information to either admit or deny the

allegations in Paragraph 3 and therefore they are denied.

4.      National Grid is without sufficient information to either admit or deny the

allegations in Paragraph 4 and therefore they are denied.

5.      Denied.

6.      National Grid is without sufficient information to either admit or deny the

allegations in Paragraph 6 and therefore they are denied.

4836-2477-1500.1

7.      National Grid admits that it is a Massachusetts business entity with an address of 40 Sylvan Road, Waltham, Massachusetts 02451.  The remaining allegation in Paragraph 7 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies this allegation.

8.      National Grid is without sufficient information to either admit or deny the allegations in Paragraph 8 and therefore they are denied.

9.      National Grid is without sufficient information to either admit or deny the allegations in Paragraph 9 and therefore they are denied.

10.     National Grid is without sufficient information to either admit or deny the allegations in Paragraph 10 and therefore they are denied.

11.     Denied.

12.     Paragraph 12 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

13.     Paragraph 13 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

14.     National Grid admits that it contracted with First Contact LLC.  The remaining allegations in Paragraph 14 state legal conclusions to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

2

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Paragraph 26 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

27.     Paragraph 27 is a statement of Plaintiff's intent to which no response is required. To the extent a further response is required, National Grid denies the allegations.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Paragraph 31 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

32.     Paragraph 32 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

33.     Paragraph 33 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

35.     Paragraph 35 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

4836-2477-1500.1

36.     Paragraph 36 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

37.     Paragraph 37 states a legal conclusion to which no response is required.  To the extent a response is required, National Grid denies the allegations.

38.     Paragraph 38 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

39.     Paragraph 39 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

40.     Paragraph 40 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

41.     Paragraph 41 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. C. 93A, § 2, AND MDCR, 940 CMR § 7.04(1)(f)

42.     National Grid repeats and realleges its responses to Paragraphs 1 through 41 as if fully set forth herein.

43.     Paragraph 43 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

44.     Paragraph 44 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

45.     Paragraph 45 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

46.     Paragraph 46 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

47.    Paragraph 47 states a legal conclusion to which no response is required.  To the extent a further response is required, National Grid denies the allegations.

NATIONAL GRID HEREBY RESERVES THE RIGHT TO OPPOSE ANY MOTION, REQUEST, OR ACTION TO CERTIFY A CLASS PURSUANT TO MASS. R. CIV. P. 23.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, the right to maintain the claims set forth in the Second Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped, in whole or in part, from maintaining the claims set forth in the Second Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged, which National Grid denies, then said damage resulted from Plaintiff's own acts and/or omissions.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged, which National Grid denies, then said damage resulted from the acts and/or omissions of persons or entities for whose conduct National Grid is neither legally liable nor responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

4836-2477-1500.1

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to insufficiency of process and/or service of process.

## NINTH AFFIRMATIVE DEFENSE

National Grid did not violate the MCPA, M.G.L. c. 93A, MDCR, or 940 CMR §

7.04(1)(f), or any other statute or regulation cited in the Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with all prerequisites concerning the claims set forth in the

Second Amended Complaint, including but not limited to M.G.L. c. 93A.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that National Grid's actions are liable, which National Grid denies, it did

not act knowingly or willfully in violation of any statute or regulation.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to misnomer of a party.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to establish the prerequisites for a class action pursuant to Mass. R. Civ. P.

23.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a class action pursuant to Mass. R. Civ. P. 23.

4836-2477-1500.1

Pursuant to Mass. R. Civ. P. 8 and 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to the Second Amended Complaint, and National Grid reserves the right to amend its Answer to allege additional affirmative defenses as subsequent investigation warrants.

**WHEREFORE,** National Grid respectfully requests that this Court dismiss this action or enter judgment in its favor on all claims; award it costs, expenses, and attorneys' fees incurred, and which it will incur in connection with this action; grant it such further relief as this Court deems just and appropriate; and deny any and all relief requested by Plaintiff.

NATIONAL GRID USA SERVICE
COMPANY, INC.

By Its Attorneys,

Louis M. Ciavarra (BBO #546481)
Jared A. Fiore (BBO #684997)
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  508-926-3416
Facsimile:  508-929-3116
E-mail:  lciavarra@bowditch.com
           jfiore@bowditch.com

Date:  November 12, 2019

I HEREBY ATTEST AND CERTIFY ON
Nov. 21, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
          Asst. Clerk

7

4836-2477-1500.1

CERTIFICATE OF SERVICE

I, Jared A. Fiore, hereby certify that I have served a copy of the foregoing on the following by mailing same, postage prepaid, this 12 day of November 2019, to:

Sergei Lemberg, Esquire
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897

Jared A. Fiore

4836-2477-1500.1