**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Robert Nightingale,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.** |
| **National Grid USA Service Company,** | ) **19-12341-NMG** |
| **Inc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM & ORDER**

**Gorton, J.**

This putative class action arises out of alleged violations
of the Massachusetts Debt Collection Regulations, 940 C.M.R. §
700 <u>et</u> <u>seq</u>. ("the Regulations").  The plaintiff, Robert
Nightingale ("Nightingale" or "the plaintiff") claims that
defendant First Contact LLC ("First Contact") called him and
similarly situated Massachusetts residents with respect to debts
allegedly owed to defendant National Grid USA Service Company,
Inc. ("National Grid) more frequently than that which is
prescribed by the relative regulations, i.e. two times in a
seven-day period.  Pending before the Court is the plaintiff's
motion to remand the case to state court.  For the reasons that
follow, that motion will be denied.

## I.   Background

At an unspecified time, plaintiff incurred a debt to National Grid.  He alleges that in or around June, 2018, he began receiving calls from First Contact, a purported representative of National Grid, attempting to collect the debt. On October 8, 2018, Nightingale sued National Grid in the Massachusetts Superior Court for Suffolk County, on behalf of himself and other similarly situated Massachusetts citizens, alleging violations of the Regulations and M.G.L. c. 93A, § 2 et seq. based on the frequency of those calls.  Nightingale later amended his complaint to state claims against First Contact and its parent corporation, iQor US Inc. ("iQor").  In November, 2019, First Contact and iQor removed the action to this Court pursuant to 28 U.S.C. § 1332(d)(2).  Asserting that the Court lacks subject matter jurisdiction, Nightingale now belatedly moves to remand.

## II.   Motion to Remand

The Class Action Fairness Act ("CAFA") affords the federal district courts original jurisdiction over any civil action in which 1) any member of a plaintiff class is a citizen of a different state than any defendant, 2) the amount in controversy exceeds $5,000,000 and 3) the class is comprised of 100 or more members. 28 U.S.C. § 1332(d).

Here, all three conditions are met.  The plaintiff is a resident of Massachusetts, while iQor and First Contact are not, and the plaintiff has alleged more than $5,000,000 in classwide damages and the putative class far exceeds 100 members. Nevertheless, and despite having litigated the present action in this Court for over two years, Nightingale contends that CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4), compels the Court to remand the case.  That argument is untimely and meritless in any event, and remand is not warranted.

The local controversy exception requires that a district court decline to exercise its jurisdiction under CAFA where 1) greater than two-thirds of the plaintiff class members are citizens of the state in which the action was originally filed, 2) at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted is also a citizen of that state, 3) the principal injuries resulting from the alleged conduct were incurred in that same state and 4) no other similar claim against any defendant by persons asserting similar facts has been filed during the preceding three years. 28 U.S.C. § 1332(d)(4), see Premo v. Family Dollar Stores of Mass., Inc., No. 13-11279, 2014 U.S. Dist. LEXIS 42609 at *11 (D. Mass. Mar. 28, 2014) (applying § 1332(d)(4) to a motion to remand).

While a motion to remand generally is timely only if filed within 30 days of removal, the plaintiff contends that remand under the local controversy exception is available at any time prior to judgment because the exception goes to subject matter jurisdiction, or rather to the lack thereof in the district court. See 28 U.S.C. § 1447(c).  That notion does not bear scrutiny.  The local controversy exception is not jurisdictional.  Rather, it is a form of statutorily-mandated abstention that requires a district court to "decline to exercise jurisdiction" under certain circumstances. 28 U.S.C. § 1332(d), see Watson v. City of Allen, 821 F.3d 634, 639 (5th Cir. 2016) (explaining that the local controversy exception "require[s] abstention from the exercise of jurisdiction and [is] not truly jurisdictional in nature") (emphasis in original), Hunter v. City of Montgomery, 859 F.3d 1329 (11th Cir. 2017) (same).  By its nature and its plain language, the statute presupposes the existence of subject-matter jurisdiction. See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1022 (9th Cir. 2007) (explaining that "[i]mplicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction").  Because the plaintiff cannot conjure a defect

-4-

in the Court's subject-matter jurisdiction, his motion is untimely and will be denied.[1]

Finally, even if the motion had been timely filed, remand would not be appropriate.  The local controversy exception applies only where the local defendant's alleged conduct forms a significant basis for the claims asserted by the plaintiffs. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb).  While neither the statute nor the First Circuit has provided guidance as to the meaning of "significant basis", other sessions of this district court have interpreted "significant" to require that the subject conduct be significant in relation to the conduct alleged against other defendants in the complaint, and that the relief sought against the local defendant be significant in relation to the total relief sought by the class. See Manson v. GMAC Morg., LLC, 602 F. Supp. 2d 289, 295-96 (D. Mass. 2009) (Stearns, J.), Mack v. Wells Fargo Bank, N.A., No. 11-40020, 2011 U.S. Dist. LEXIS 38491 at *13 n.7 (D. Mass. Apr. 8, 2011) (Saylor, J.).  Here, all of the alleged unlawful conduct was undertaken by First Contact and any action of the local defendant, National Grid,

---

[1] The Court declines to address whether the 30-day limitation of § 1447(c) or the "reasonable time" standard governs the timeliness of motions to remand under the local controversy exception because a delay of almost two years after removal is not a reasonable time within which to move to remand.

-6-

was secondary.  Under such circumstances, the local controversy
exception does not apply.

**ORDER**

For the foregoing reasons, plaintiff's motion to remand
(Docket No. 39) is **DENIED**.

**So ordered.**


                                        __/s/ Nathaniel M. Gorton___
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated January 6, 2021