# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ROBERT NIGHTINGALE, *on behalf of Himself and all others similarly situated*,

      Plaintiff,

v.

NATIONAL GRID USA SERVICE COMPANY, INC., FIRST CONTACT LLC, and IQOR US INC.,

      Defendants.

**CIVIL ACTION NO. 1:19-CV-12341-NMG**

## STIPULATION FOR ENTRY OF AGREEMENT FOR FINAL JUDGMENT ON PLAINTIFF'S INDIVIDUAL CHAPTER 93A CLAIM

Defendants National Grid USA Service Company, Inc., First Contact LLC, and iQor US Inc. ("**Defendants**") and plaintiff Robert Nightingale ("**Plaintiff**") (together, the "**Parties**"), by and through their undersigned counsel, hereby submit this *Stipulation for Entry of Agreement for Final Judgment on Plaintiff's Individual Chapter 93A Claim* and respectfully request the Court to execute it in the form attached as <u>Exhibit A</u> hereto as a final judgment of the Court. In support hereof, the Parties state as follows:

WHEREAS, Plaintiff asserts, inter alia, that Defendants violated Massachusetts General Laws Chapter 93A, Section 9 ("**Chapter 93A**") by initiating more than two calls in a seven-day period to him regarding a debt as prohibited by 940 C.M.R. § 7:04(1)(f));

WHEREAS, Defendants assert that Plaintiff's assertion above is insufficient as a matter of law to even confer standing to sue under Chapter 93A, Section 9(1) and, to recover even nominal damages under Section 9, Plaintiff must prove, among other things, that an unfair or deceptive act or practice under Section 2 actually caused him a separate and distinct injury under Section 9,

which causation and injury Defendants assert Plaintiff will not be able prove at trial in this proceeding;

WHEREAS, on February 12, 2025, the Court denied Plaintiff's renewed Motion for Class Certification ("**Class Certification Denial Order**");

WHEREAS, the Court set a jury trial date on Plaintiff's individual claims to commence on January 12, 2026; and

WHEREAS, Defendants continue to deny any and all liability; however, the Parties want to avoid the further costs and expenses associated with bringing the Plaintiff's individual Chapter 93A claim to judgment through a trial.

NOW, THEREFORE, pursuant to Rule 54, the Parties hereby STIPULATE and AGREE as follows:

1.      Final judgment shall enter in favor of Plaintiff on his individual claim under Chapter 93A, in a total amount of $1,000.00, inclusive of all pre-judgment interest ("**Plaintiff's Individual Chapter 93A Claim Judgment**");

2.      The Parties reserve their rights concerning any appeal of the Court's Class Certification Denial Order. The Parties agree that Plaintiff's claims for the recovery of class representative incentive award, class attorneys' fees and costs arising from Plaintiff's Chapter 93A class claims are not waived, and he reserves all his rights concerning such amounts through disposition of any appeal of the Court's Class Certification Denial Order and further proceedings, and Defendants reserve all rights to challenge any such amounts

3.      The Parties agree that Plaintiff's individual claim for the recovery of attorneys' fees and costs arising from Plaintiff's Individual Chapter 93A Claim Judgment will be reserved as follows: (i) Plaintiff shall not seek the recovery of more than $75,000 in fees and costs associated

with prosecuting his individual Chapter 93A claim, and (ii) Plaintiff will file an application for an award of fees and costs either (a) within 30 days after the Parties' appellate rights arising from the Class Certification Denial Order are exhausted and if the Class Certification Denial Order is not remanded to this Court, or (b) at an appropriate time as directed by the Court if the Class Certification Denial Order is remanded to the Court for further proceedings.

4.    There is no just reason for delay in entering judgment as requested herein.

Pursuant to FED. R. CIV. P. 58, the Parties submit a Form of Judgment attached as Exhibit A hereto for the Court's consideration and approval.

| | |
|---|---|
| NATIONAL GRID USA SERVICE COMPANY, INC, FIRST CONTACT LLC, and IQOR US INC., | ROBERT NIGHTINGALE, |
| By their attorneys: | By his attorney: |
| | */s/ Sergei Lemberg*_____ |
| */s/ David G. Thomas*_____ | Sergei Lemberg (BBO #650671) |
| David G. Thomas (BBO # 640854) | Lemberg Law, LLC |
| Greenberg Traurig, LLP | 43 Danbury Road, 3rd Floor |
| One International Place, Suite 2000 | Wilton, CT  06897 |
| Boston, MA  02110 | (203) 653-2250 |
| (617) 310-6000 | slemberg@lemberglaw.com |
| david.thomas@gtlaw.com | |

Dated:  October 30, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be sent all those non-registered participants on October 30, 2025.

*/s/ Angela Bunnell*_____
Angela Bunnell

**Exhibit A—Form of Judgment on Plaintiff's Individual Chapter 93A Claim**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT NIGHTINGALE, *on Behalf of Himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL GRID USA SERVICE COMPANY, INC., FIRST CONTACT LLC, and IQOR US INC.,<br><br>    Defendants. | **CIVIL ACTION NO. 1:19-CV-12341-NMG** |

**AGREEMENT FOR FINAL JUDGMENT ON PLAINTIFF'S INDIVIDUAL CHAPTER 93A CLAIM**

Now come the parties in the above-captioned action, by their attorneys, and hereby STIPULATE and AGREE that the following entry be made:

1.    Final judgment shall enter in favor of Plaintiff on his claim under Chapter 93A, in a total amount of $1,000.00, inclusive of all pre-judgment interest ("**Plaintiff's Chapter 93A Individual Chapter 93A Claim Judgment**"), which shall be paid within 30 days after entry of this judgment;

2.    The Parties reserve their rights concerning any appeal of the Court's Class Certification Denial Order, dated February 12, 2025. The Parties agree that Plaintiff's claims for the recovery of class representative incentive award, class attorneys' fees and costs arising from Plaintiff's Chapter 93A class claims are not waived, and he reserves all his rights concerning such amounts through disposition of any appeal of the Court's Class Certification Denial Order and further proceedings, and Defendants reserve all rights to challenge any such amounts.

4

3.      Plaintiff's individual claim for the recovery of attorneys' fees and costs and costs arising from Plaintiff's Chapter 93A Individual Chapter 93A Claim Judgment will be reserved as follows: (i) Plaintiff shall not seek the recovery of more than $75,000 in fees and costs associated with prosecuting Plaintiff's individual Chapter 93A claim, and (ii) Plaintiff will file an application for an award of fees and costs either (a) within 30 days after the Parties' appellate rights arising from the Class Certification Denial Order are exhausted and if the Class Certification Denial Order is not remanded to this Court, or (b) at an appropriate time as directed by the Court if the Class Certification Denial Order is remanded to the Court for further proceedings.

4.      There is no just reason for delay in entering judgment as set forth above.

**SO ORDERED** this ____ day of _____, 2025,


_____
Nathaniel M. Gorton, J., U.S.D.C.